FILED
JAMES BONINI
CLERK

2012 JAN 31 PM 4:59

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

    Plaintiff,

-v-                                          Case No. 2:10–cr–283

Jose Luis Lopez-Beltran,             Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Defendant moves to suppress evidence, ECF No. 42. The motion seeks to suppress all evidence seized as a result of a search warrant executed at 1551 Worthington Row, Columbus, Ohio 43235, alleging the affidavit in support of the warrant did not demonstrate probable cause to search.

## I. FACTS

In the fall of 2010, federal agents, the Delaware County Drug Task Force, and the Columbus Police received information about the distribution of "black tar" heroin by a supplier named "Pepe" from a confidential informant. Using a contact number for "Pepe," the agents and informant arranged for a controlled purchase of heroin. On September 27, 2010 an unidentified Hispanic man driving a red Jeep sold the informant thirteen balloons of heroin in the parking lot of an apartment complex in the 4300 block of Brick Court in Columbus, Ohio.

On September 29, 2010, agents observed a green Nissan Sentra and a silver Oldsmobile Alero parked in the same area of Brick Court. A woman exited the

Oldsmobile and left in the Nissan. She met up with a blue Ford Windstar van at a shopping center. The Nissan, Ford, and red Jeep were subsequently located at 1551 Worthington Row in Columbus, Ohio. The Ford van had been connected to a drug seizure at a different address on September 9, 2010.

On September 30, 2010 agents arranged another controlled buy. The agents observed the same Hispanic man who was involved in the heroin transaction on September 27, 2010 enter the Oldsmobile parked at 1551 Worthington Row, and meet the informant in a shopping center parking lot. From the shopping center, the informant and an undercover officer followed the Oldsmobile to the 5600 block of Kingship Loop, Columbus, Ohio. The occupant of the Oldsmobile then sold the informant twelve balloons of heroin.

Based on the information agents had collected, on October 7, 2010 Magistrate Judge Kemp signed a search warrant for 1551 Worthington Row. On October 15, 2010, the warrant was executed. At that premises, agents seized over 100 grams of heroin, currency, packaging material, cell phones, ammunition and two firearms which the Government intends to introduce at trial.

## II. DISCUSSION

Defendant argues that all evidence seized from 1551 Worthington Row should be suppressed because the warrant was not based on probable cause that contraband or evidence of a crime would be found in the house. Defendant argues that the affidavit did not establish a sufficient nexus between the alleged criminal activity and the place to be searched and that any information the officers had obtained was stale by the time the search warrant was executed. The Government argues the affidavit established

probable cause to search, but even if it did not, the officers' good faith reliance on the warrant makes suppression inappropriate.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause supported by Oath or affirmation . . ." U.S. Const. amend. IV. To determine whether an affidavit establishes probable cause, an issuing magistrate must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of a confidential informant, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Lazar*, 604 F.3d 230, 241 (6th Cir. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The circumstances described in the affidavit must indicate why evidence of illegal activity will be found in the place to be searched. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc). In other words, there must "be a nexus between the place to be searched and the evidence sought." *Id.* The nexus must show a "fair probability—not an absolute certainty—that evidence of crime will be found at the location." *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008).

"The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238. The Magistrate Judge's finding of probable cause deserves great deference and should be upheld so long as the Magistrate Judge had a "substantial basis for concluding that a search warrant would uncover wrongdoing." *Lazar*, 604 F.3d at 241.

The affidavit in the case *sub judice* demonstrated a sufficient nexus between the drug activity and 1551 Worthington Row to establish probable cause that the residence would contain contraband or evidence of a crime. The mere suspicion of being a drug dealer is not enough to establish probable cause to search the suspect's home. *United States v. McPhearson,* 469 F.3d 518, 525 (6th Cir. 2006)). An affidavit may, however, establish probable cause if the allegation of drug dealing is coupled with independently corroborated information from police officers. *Id.*

Here, the affidavit offered independent corroboration of the informant's tip that "Pepe" was a heroin dealer by including that the officers observed the individuals and cars involved in the controlled buys of heroin come and go from 1551 Worthington Row. The affiant stated that the first controlled buy was purchased from a Hispanic man who drove a red Jeep. Aff. ¶ 5, ECF No. 42-1. The affiant recounted how the silver Oldsmobile was observed meeting a green Nissan Sentra and a blue Ford Winstar van in a Sam's Club parking lot and that the van had previously been connected to a house that contained heroin, money, suspected crystal meth, and cocaine. *Id.* ¶ 7–10. The affiant included that the silver Oldsmobile was later parked at 1551 Worthington Row and the red Jeep was observed in the area. *Id.* ¶ 9.

Moreover, the affiant described how on September 30, 2010 surveillance units of the Delaware County Drug Task Force "observed a Hispanic male walk out of the front door of 1551 Worthington Row and enter [the] silver Oldsmobile." *Id.* ¶ 12. The affiant stated that the driver of the silver Oldsmobile then sold the informant twelve balloons of heroin equaling 1.2 grams. *Id.* ¶ 13. Finally, the affiant averred that based on the

affiant's training and experience, the facts in the affidavit suggest that 1551 Worthington Row, Columbus, Ohio contains fruits, evidence, and instrumentalities in violation of the drug laws. *Id.* ¶ 15. Taken as a whole the facts in the affidavit indicated a fair probability that evidence of drug activity would be found in 1551 Worthington Row.

These facts create at least as strong a nexus between the criminal activity and residence searched as the affidavit upheld by the United States Sixth Circuit Court of Appeals in *U.S. v. Jeffries*, Nos. 09-5861, 09-5862, 09-5863, 2012 WL 181392 (6th Cir. January 24, 2012). In *Jeffries*, two defendants challenged the search warrants used to search their homes. The affidavits in support of the search warrants detailed the movements of a Lincoln which contained heroin, and the Lincoln's presence at the defendants' residences. The *Jeffries* court held that the affidavit had established probable cause because the affidavit was "replete with corroborating information": the Lincoln seen at the residences, one defendant operating the Lincoln, and the Lincoln at one of the residences immediately before it left on the trip during which heroin was found in it. *Id.* at *5, *7.

Defendant also argues that the warrant was not based on probable cause because the information contained in the affidavit was stale. The affidavit contained observations from September 27 and September 30, 2010. The warrant issued on October 7, 2010 and was executed on October 15, 2010.

Because probable cause to search is concerned with facts relating to a presently existing condition, probable cause cannot be based on stale information. *U.S. v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). Whether information is stale in the context of a

search warrant turns on the "character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?) and the place to be searched (mere criminal forum of convenience or secure operational base?)." *U.S. v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010). The staleness test is not meant to "create an arbitrary time limitation within which discovered facts must be presented to a magistrate." *Spikes*, 158 F.3d at 923. Rather, whether the information is stale depends on the "inherent nature of the crime." *Id.*

The Sixth Circuit has recognized that "[i]n the context of drug crimes information goes stale very quickly because drugs are usually sold and consumed in a prompt fashion," but also that "[t]he nature of a drug conspiracy is ongoing." *Brooks*, 594 F.3d at 493; *Jeffries*, 2012 WL 181392, at *8.

The affidavit demonstrated that the vehicles parked at and near 1551 Worthington Row and the unidentified Hispanic male who was seen leaving that address were involved in at least two separate drug transactions. In addition, the Ford van was connected to another residence which contained drugs. These facts support an inference that the house was being used as part of an ongoing drug conspiracy. Therefore, the one week from the date of the last controlled buy to the issuance of the warrant, and the two weeks until the execution of the warrant, did not render the facts in the affidavit stale. Even two weeks after the last controlled buy, there was a fair probability that the home contained contraband or evidence of a crime.

## III. CONCLUSION

The warrant to search 1551 Worthington Row, Columbus, Ohio was based on probable cause that the residence contained contraband or evidence of a crime. Accordingly the Motion to Suppress, ECF No. 42, is **DENIED**.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**